UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ozel Stinson and Vanessa Stinson,<br><br>  Plaintiffs,<br><br>v.<br><br>U.S. Bank, NA as Trustee for CitiGroup Mortgage Loan Trust 2007 AMC2, Asset-backed Pass-through Certificates, Series 2007-AMC2, CitiMortgage, Inc., and Argent Mortgage Co., LLC.,<br><br>  Defendants. | Civil No. 12-68 (SRN/AJB)<br><br><br><br>REPORT AND RECOMMENDATION ON MOTIONS TO DISMISS |

## INTRODUCTION

This matter is before the Court, Chief Magistrate Judge Arthur J. Boylan, on motions to dismiss by Defendant Argent Mortgage Company, LLC ("Argent") (Docket No. 6) and Defendants U.S. Bank, N.A. as Trustee for CitiGroup Mortgage Loan Trust 2007 AMC2, Asset-backed Pass-through Certificates, Series 2007-AMC2 ("U.S. Bank") and CitiMortgage, Inc. ("CitiMortgage") (Docket No. 11). The matter has been referred to the magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.2(b). A hearing was held on the motions on May 15, 2012 at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. Shari Aberle appeared on behalf of Argent. Jared Goerlitz appeared on behalf of U.S. Bank and CitiMortgage. Plaintiffs, who are representing themselves pro se, made no appearance.

For the reasons discussed below, the Court recommends that both Motions to Dismiss be granted.

**BACKGROUND**

On November 14, 2006, the Stinsons obtained a loan from Argent for the purchase of property at 8113 17th Avenue South in Bloomington, Minnesota and executed a mortgage and promissory note to Argent in the amount of $184,000. (Complaint ¶ 10; Davenport Aff., Ex. 1.) On January 28, 2009, Argent executed an Assignment of Mortgage, which was filed with the Hennepin County Registrar of Titles on February 11, 2009, reflecting that Argent assigned the mortgage to U.S. Bank. (Complaint ¶¶ 12-13; Davenport Aff., Ex. 2.) On November 6, 2009, U.S. Bank executed an Assignment of Mortgage, which was filed with the Hennepin County Registrar of Titles on November 17, 2009, reflecting that U.S. Bank assigned the mortgage to CitiMortgage. (Complaint ¶ 17.)

The Stinsons started falling behind on their mortgage payments in 2008. (Complaint ¶ 11.) On February 11, 2009, U.S. Bank initiated foreclosure proceedings, filing a Notice of Pendency and Power of Attorney to Foreclose with the Hennepin County Registrar of Titles. (*Id.* at ¶¶ 14-15.) Shortly thereafter, the Stinsons began working on a loan modification, which was unsuccessful. (*Id.* at ¶ 16.) CitiMortgage began pursuing foreclosure in November 2009, filing a Notice of Pendency to foreclose and thereafter a Power of Attorney to foreclose with the Hennepin County Registrar of Titles. (*Id.* at ¶¶ 19-21.) The Stinsons' property was foreclosed upon through foreclosure by advertisement and a Sheriff's Sale was held on June 16, 2011. (*Id.* at ¶ 22; Davenport Aff., Ex. 3.) CitiMortgage purchased the property at the Sheriff's Sale. (*Id.*). The redemption period expired on December 16, 2011, after which the Stinsons initiated this lawsuit. (Complaint ¶ 23.)

Plaintiffs' complaint alleges that there were multiple unrecorded assignments of their mortgage and that as a result, the sheriff's sale on their property was invalid. (*See, e.g.*,

2

Complaint ¶¶ 50-61.)  The complaint discusses a Prospectus, Pooling and Service Agreement of Citigroup Mortgage Loan Trust 2007-AMC2, Asset-backed Pass-through Certificates, Series 2007-AMC2 ("PSA") and a Congressional Oversight Panel Report from November 16, 2010 regarding mortgage irregularities;  it appears that these documents are the basis for plaintiffs' allegations that there were unrecorded assignments.  (*Id.* at ¶¶ 25-32.)  Plaintiffs bring claims against all defendants for Slander of Title (Count I); Fraud (Count II); "UDTPA (MN Uniform Deceptive Trade Practice Act)" (Count III); "Void the Notice of Sheriff's Sale Declaratory Relief" (Count IV); and "Failure to Record All Assignments Declaratory Relief" (Count V).  Plaintiffs' complaint alleges that Defendants acted as a joint venture.  (Complaint ¶¶ 33-36.)  The complaint also references "Aiding and Abetting/Conspiracy."  (Complaint ¶ 3.)

## DISCUSSION

### I.   STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).  But the plaintiff must do more than offer "labels and conclusions" or a "formulaic recitation of the elements of a cause of action . . . ."  *Twombly*, 550 U.S. at 555.  Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  *Id.*

Ordinarily, if the parties present, and the court considers, matters outside of the pleadings, a Rule 12(b)(6) motion must be treated as a motion for summary judgment.  Fed. R.

Civ. P. 12(d). But the court may consider exhibits attached to the complaint and documents that are necessarily embraced by the complaint without converting the motion into one for summary judgment. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003). In addition, the court may consider public records on a motion to dismiss. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007). The defendants have submitted an affidavit with exhibits along with their motions and memorandums. The exhibits presented in the Affidavit of Erin Davenport consist of documents filed with the Hennepin County Registrar of Titles relating to the Stinson's property, which are materials referenced in the Complaint and necessarily embraced in the pleading. The motions to dismiss are not being treated as Rule 56 summary judgment motions.

## II.     ANALYSIS OF CLAIMS

To begin, the Court notes that the Stinsons did not respond to the defendants' motions to dismiss. Dismissal is warranted on this basis alone. *See, e.g.*, *Kebasso v. BAC Home Loans Servicing, LP*, 813 F. Supp. 2d 1104, 1107, n. 7 (D. Minn. 2011). Dismissal is also appropriate for the reasons discussed below.

### A.     Slander of Title

Count I of Plaintiffs' Complaint asserts a claim for slander of title. The Stinsons allege that Defendants "conspired to create a false chain of title through the fraudulent assignment of Plaintiff's mortgage loan" and that the assignment from Argent "directly to the securitized trust" was a "[f]alse claim[]," which was "published in the newspaper." (Complaint ¶¶ 40-41.) The Stinsons contend that the assignment from Argent to U.S. Bank was "fraudulent" based on an alleged "contradiction" between the recorded assignment and the chain of assignment mandated by the PSA, which they allege required U.S. Bank to purchase loans only from CitiGroup Mortgage Loan Trust, Inc. (Complaint ¶ 42.) Defendants argue that the slander of title claim

should be dismissed because Plaintiffs lack standing to challenge the validity of the assignment from Argent to U.S. Bank and because Plaintiffs have not sufficiently alleged any of the elements of the cause of action.

The elements required for a slander of title claim are: (1) that there was a false statement concerning the real property owned by the plaintiff; (2) that the false statement was published to others; (3) that the false statement was published maliciously; (4) that the publication of the false statement concerning title to the property caused the plaintiff pecuniary loss in the form of special damages. *Paidar v. Hughes*, 615 N.W.2d 276, 279-280 (Minn. 2000). The filing of an instrument known to be inoperative is a false statement that, if done maliciously, constitutes slander of title. *Id.* at 280.

First, the Stinsons are not parties to the assignment from Argent to U.S. Bank. They have not alleged any facts demonstrating that they suffered an injury in fact as a result of the assignment. Therefore, the Stinsons lack standing to challenge the foreclosure based on the allegedly invalid assignment from Argent to U.S. Bank. *See Sovis v. Bank of New York Mellon*, No. 11-2253, 2012 WL 733758, at *4-5 (D. Minn. March 6, 2012); *Gerlich v. Countrywide Home Loans, Inc.*, No. 10-cv-4520, 2011 WL 3920235, at *2-3 (D. Minn. Sept. 7, 2011). Similarly, to the extent that the Stinsons allege that the defendants did not comply with the provisions of the PSA, the Stinsons have no standing to assert claims on this basis because they are not parties or third-party beneficiaries to such agreements. *See Karnatcheva v. JPMorgan Chase Bank, N.A.*, No. 11-cv-3452, 2012 WL 1657531, at *3-4 (D. Minn. May 11, 2012); *Anderson v. Countrywide Home Loans*, No. 10-cv-2655, 2011 WL 1627945, at *4 (D. Minn. Apr. 18, 2011) (Report and Recommendation).

In addition, the Stinsons have not sufficiently pleaded a slander-of-title claim. The Stinsons offer little more than the conclusory allegation that the assignment from Argent to U.S. Bank was "fraudulent." Even construing this allegation in Plaintiffs' favor, the Stinsons do not allege any facts upon which the Court could conclude that any defendant made a malicious publication or that the alleged false statement caused them loss. For these reasons, Count I does not state a plausible claim upon which relief may be granted and should be dismissed.

**B.     Fraud**

Count II of Plaintiffs' Complaint asserts a claim of fraud. In this claim, the Stinsons assert that "All Defendants Intentional Misrepresentation and Concealment of Material Facts of the various Assignments of Mortgages used to facilitate an Unlawful Foreclosure." (Complaint ¶ 44.) Defendants contend that the fraud claim should be dismissed because it has not been pleaded with sufficient particularity.

The elements of a claim for common law fraud are: (1) a false representation of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made without knowing whether it was true or false; (3) with the intention to induce action in reliance thereon; (4) that the representation caused action in reliance thereon; and (5) pecuniary damages as a result of the reliance. *Martens v. Minn. Mining & Mfg. Co.,* 616 N.W.2d 732, 747 (Minn. 2000). Fraud may also be established by concealment of the truth. *Estate of Jones v. Kvamme,* 449 N.W.2d 428, 431 (Minn.1989).

Rule 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The purpose of Rule 9(b) is to provide defendants with sufficient notice of the allegations so that they

may be able to formulate a response. *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001). The circumstances constituting the fraud or mistake refers to the "who, what, when, where, and how" of the alleged fraud. *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549-50 (8th Cir. 1997).

Here, the Stinsons have failed to allege their fraud claim with sufficient particularity. The Complaint fails to sufficiently allege the "who, what, when, where and how" of the alleged fraud. The Stinsons have not identified a false statement made to them related to a past or existing fact. They have not identified who made what representations and when. They have not alleged what, if any, action they took in reliance upon any representation. Nor have they alleged how any alleged false misrepresentation caused them damage. Because Plaintiffs have failed to meet the requisite pleading standard, Count II should be dismissed.

### C. Minnesota Deceptive Trade Practices Act

Count III of Plaintiffs' Complaint asserts a claim under the Minnesota Deceptive Trade Practices Act ("MDTPA"). The Stinsons allege that all defendants engaged in a "concealment of unrecorded assignments of mortgages" and "intentional misrepresentation of ownership" to facilitate foreclosure, "constitut[ing] fraud." (Complaint ¶¶ 48-49.) Defendants argue that the claim is properly dismissed because Plaintiffs have not pleaded the claim with particularity and because the act does not provide a remedy for past conduct.

The MDTPA entitles any person "likely to be damaged by a deceptive trade practice" to injunctive relief, irrespective of the existence of actual monetary damages or deceptive intent. Minn. Stat. § 325D.45, subd. 1.

The MDTPA is governed by the heightened pleading standards of Rule 9(b). *Dietz v. Beneficial Loan and Thrift Co.*, No. 10-3752, 2011 WL 2412738, at *5 (D. Minn. June 10,

2011); *Tuttle v. Lorillard Tobacco Co.*, 118 F. Supp. 2d 954, 963 (D. Minn. 2000). As discussed above, Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake."

The Court concludes that the Stinsons have failed to state a claim under the MDTPA. The Stinsons have failed to allege a specific deceptive trade practice. As discussed above, the Complaint fails to sufficiently allege the "who, what, when, where and how" of the alleged fraud. Plaintiffs' allegations fail to satisfy Rule 9(b)'s particularity requirement.

In addition, even if Plaintiffs had adequately pleaded their MDTPA claim, the claim would fail because they have not alleged facts that demonstrate a risk of future harm. *See Indep. Glass Ass'n, Inc. v. Safelite Grp., Inc.*, Civ. No. 05-238, 2005 WL 3079084, at *2 (D. Minn. Nov. 16, 2005). Injunctive relief is the MDTPA's sole remedy and it is available only "to a person likely to be damaged" by a deceptive trade practice in the future. *See* Minn. Stat. § 325D.45, subd. 1; *Gardner v. First Am. Title Ins. Co.*, 296 F. Supp. 2d 1011, 1020 (D. Minn. 2003). Here, Plaintiffs allege that they have been harmed by past conduct—the alleged concealment of unrecorded assignments of mortgage and intentional misrepresentation of ownership—and do not plead any facts demonstrating a risk of future harm. For these reasons, Count III should be dismissed.

      D.      **Declaratory Relief for "Void the Notice of Sheriff's Sale" and "Failure to Record All Assignments"**

In Counts IV and V, the Stinsons generally allege that defendants did not comply with Minnesota law with respect to foreclosure by advertisement. In Count IV, the Stinsons allege that the notice to foreclose by advertisement failed to meet the requirements set forth by statute.

(Complaint ¶¶ 51-53.)[1]  The Stinsons allege that the notice "failed to state the names of one or more assignees, failed to state or incorrectly stated the name of the mortgagee, or the assignee of mortgagee, failed to state the proper amount due and/or the assignment of the mortgage loan is omitted [] or misstated. . . ."  (Complaint ¶ 53.)  In Count V, the Stinsons allege, "upon information and belief, [that there are] four or more unrecorded assignments related to Plaintiff's mortgage loan" and therefore the Stinsons "request that the Court declare that Defendants have not satisfied the prerequisites to foreclosure by advertisement, pursuant to MN Statute 580.02."  (Complaint ¶¶ 59-60.)  Defendants contend that the Stinsons' allegation of unrecorded assignments is insufficient to establish a plausible claim that the foreclosure is void.

Section 580 concerns foreclosure requirements for foreclosure by advertisement.  Section 580.02 requires that a lender meet four prerequisites before foreclosing.  The only prerequisite at issue here is the requirement "that the mortgage has been recorded and, if it has been assigned, that all assignments thereof have been recorded."  Minn. Stat. § 580.02(3).  Minn. Stat. § 580.04 requires that, in order to foreclose by advertisement, each notice of foreclosure shall specify or contain "the name of the mortgagor, the mortgagee, each assignee of the mortgage, if any, and the original or maximum principal amount secured by the mortgage" and "the amount claimed to be due on the mortgage on the date of the notice."

Plaintiffs' allegation that there are "four or more unrecorded assignments" appears to be mere speculation.  There are no facts alleged in the Complaint supporting a contention that there are unrecorded assignments.  The Stinsons appear to contend that the PSA is evidence that

---

[1]     The Stinsons allege in this Count that Minn. Stat. § 582.25 "sets forth the various grounds that a homeowner can use to set aside a foreclosure by advertisement," that "the notice to foreclose by advertisement was published in the newspaper and served on Plaintiff," and that the notice failed to meet the requirements of this statute. (Complaint ¶¶ 51-53.) However, Section 582.25 does not proscribe the requirements for a Notice of Foreclosure by Advertisement. *See Connoy v. U.S. Bank N.A.*, No. 11-2352, 2011 WL 6013001, at *3, n. 6 (D. Minn. Dec. 1, 2011). Therefore, the Court will construe this count as a claim under § 580.04. *See id.*

9

unrecorded assignments occurred: Plaintiffs allege that the PSA required that the trust purchase loans only from CitiGroup Mortgage Loan Trust, Inc., rather directly from Argent. However, the PSA does not say that such assignments of mortgage actually occurred. Mere speculation about what may have happened does not allow a plausible inference when defendants have presented facially valid records of assignment from Argent to U.S. Bank. *See Dunbar v. Wells Fargo Bank, N.A.*, No 11-3683, 2012 WL 1110161, at *7 (D. Minn. April 3, 2012); *see also Bazil v. Wells Fargo Bank N.A.*, No. 11-cv-1206, 2011 WL 4442835, at *4 (D. Minn. Sept. 22, 2011) (dismissing claims involving plaintiff's unsupported allegation of an unrecorded assignment, stating "the Court need only accept plausible allegations as true; it need not make every logical and inferential leap the pleadings ask it to make").

In addition, the Stinsons have not sufficiently pleaded facts supporting their claim that the notice of foreclosure by advertisement violated Minn. Stat. § 580.04 by failing to state or incorrectly stating the name of the mortgagee or the proper amount due. The Stinsons have pleaded no facts that suggest that the mortgage was owned by any entity other than CitiMortgage when it foreclosed. Nor have the Stinsons pleaded any facts suggesting that the amount due was anything other than $227,915.85, the amount stated in the notice.

Plaintiffs have not pleaded facts from which the court could infer that Defendants violated Section 580. Therefore, dismissal of Counts IV and V is appropriate.

### E.   Aiding and Abetting/Conspiracy and Joint Venture

Plaintiffs' Complaint alleges "Aiding and Abetting/Conspiracy" and that Defendants engaged in a joint venture. Plaintiffs assert each count of their Complaint against all defendants, presumably based on these theories. Defendants contend that Plaintiffs have failed to allege sufficient facts supporting these claims.

A claim for aiding and abetting the tortious conduct of another requires the following elements: (1) the primary tort-feasor must commit a tort that causes an injury to the plaintiff; (2) the defendant must know that the primary tort-feasor's conduct constitutes a breach of duty; and (3) the defendant must substantially assist or encourage the primary tort-feasor in the achievement of the breach. *Witzman v. Lehrman, Lehrman & Flom,* 601 N.W.2d 179, 187 (Minn. 1999). Civil conspiracy "involves a combination of persons to accomplish either an unlawful purpose or a lawful purpose by unlawful means." *Anderson v. Douglas Cnty.*, 4 F.3d 574, 578 (8th Cir. 1993) (*citing Harding v. Ohio Cas. Ins. Co.*, 41 N.W.2d 818, 824 (Minn. 1950)). "To prove conspiracy, a party must specifically present facts tending to show agreement and concerted action. Conclusory allegations are insufficient." *Id.*

Here, Plaintiffs fail to plead facts from which the Court could infer either theory. The Stinsons do not allege any facts showing an agreement or meeting of the minds between the defendants. Nor do they identify a primary tortfeasor or identify how any defendant provided substantial assistance or encouragement to another. They merely assert, in conclusory fashion, that defendants were "aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff…" and that "there is a unity of interest between Defendants, and each acts as the alter ego of the other." This is insufficient to withstand dismissal. *See, e.g.*, *Dunbar*, 2012 WL 1110161, at *7; *Wittkowski v. PNC Mortg.*, No. 11-1602, 2011 WL 5838517, at *6 (D. Minn. Nov. 18, 2011).

Similarly, Plaintiffs offer only conclusory allegations of a joint venture. A claim for joint venture has four elements: (1) each party must make a contribution of money, property, time, or skill to the enterprise; (2) the parties must have joint proprietorship and control such that each party has a proprietary interest and the right of mutual control over the enterprise; (3) the parties

must have an express or implied agreement to share the profits, but not necessarily the losses, from the enterprise; (4) the parties must have entered into an express or implied contract. *Duxbury v. Spex Feeds, Inc*. 681 N.W.2d 380, 390 (Minn. App. Ct. 2004).  Plaintiffs' Complaint merely sets forth a formulaic, but incomplete, recitation of these elements, which is insufficient to withstand dismissal.

## CONCLUSION

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY RECOMMENDED** that Defendant Argent's Motion to Dismiss (Docket No. 6) and Defendants U.S. Bank and CitiMortgage's Motion to Dismiss (Docket No. 11) be **GRANTED.**

Dated: June 13, 2012   　　　　　　　　　　 s/ Arthur J. Boylan  
　　　　　　　　　　　　　　　　　　　　　Chief Magistrate Judge Arthur J. Boylan  
　　　　　　　　　　　　　　　　　　　　　United States District Court

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before  June 27   , 2012.